ANN M. SMITH, ESQ. (SBN 120733)
SMITH, STEINER, VANDERPOOL
  & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: 619-239-7200
Fax: 619-239-6048

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE MITCHELL; JENNIFER BECKER; KEITH BOOTHE; GRANT BOWERS; GAVIN BROATCH; ISABELLE CAMACHO; KENT CUEVAS; MARY ENYEART; ALEXANDER MILO FLORES; PATRICIA FOSS; JENNIFER GERAN; JAMES A. GOLDEN; THAIRA HAMMI; RYAN HAY; CYNTHIA HERNANDEZ; STEPHANIE HOOVER; MIGUEL HUERTA; GRAHAM HUFFORD; WAYNE JARRELL; ANAS M. KAZIHA; TERI KIPNIS; NICOLAS B. MANANSALA; ERIKA MCNEILL; GABRIELLE MEAD; DEBRA OWEN; ALEC PHILLIPP; MICHAEL PRINZ; STEVEN RAMIREZ; PETE RAZO; ANTHONY REA; ARNILDA REYES; CATHERINE RIVERA; SCOTT ROBINSON; RICHARD RUSSELL; JIM SILVERSTEIN; CLEMENS WASSENBERG; DANIEL WEISS; LORETTA WILLIAMS; CODY WILKINSON; GREGORY WOODS, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | CASE NO. '17CV2014 H  AGS<br><br>COMPLAINT FOR OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT<br><br>[29 U.S.C. §§ 201 et seq.]<br><br>JURY TRIAL DEMANDED |

Case No.

I.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), because the controversy arises under a law of the United States, specifically, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), and thus presents a federal question.

II.

## VENUE

2. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) because the City of San Diego is in this federal district and the acts, events, or omissions giving rise to the claims occurred in this District.

III.

## PARTIES

3. Plaintiffs are current or former employees of the City of San Diego who bring this action on their own behalf and, pursuant to 29 U.S.C. § 216(b), on behalf of all other non-exempt employees and former employees similarly situated, to recover underpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs. Each Plaintiff's written consent to become a party to this action is being contemporaneously filed or will be filed in the future pursuant to 29 U.S.C. § 216(b). This is a proposed collective action for which Plaintiffs seek timely conditional certification with notice and a consent to join form sent to all similarly situated non-exempt current and former employees informing them of their right to opt-into this action.

4. Defendant City of San Diego ("Defendant" or "City"), is or at all relevant times was, each Plaintiff's employer. Defendant is a Charter City and a political subdivision of the State of California.

///

///

///

IV.

GENERAL ALLEGATIONS

5.  City recognizes its obligation to comply with the FLSA. Pursuant to City's Charter, the San Diego City Council adopts a Salary Ordinance annually. At all relevant times, these Salary Ordinances have included an express provision identical to the one stated in Salary Ordinance O-20817, adopted on April 25, 2017: "WHEREAS, the United States Supreme Court in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985), held that the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as they relate to overtime pay, are applicable to states, cities, and local agencies, including the City; and WHEREAS, it is necessary to ensure compliance with the FLSA, including all applicable case law interpreting the FLSA and applicable regulations [...] BE IT ORDAINED, by the Council of the City of San Diego, as follows (in pertinent part):

> Section 3.  Compliance with the FLSA
>
> Full-time employees in the classifications listed in the Personnel Manual Index Code H-4, Addendum A, Groups A, B, C [...], are not exempt under the FLSA and are eligible for premium rate overtime based on the employee's scheduled workweek. Premium rate overtime will be computed in accordance with the FLSA, including all applicable cases interpreting the FLSA, and with all applicable regulations."

Each Plaintiff and those similarly-situated is or was employed in a job classification in Groups A, B, or C.

6.  City has also adopted Personnel Manual Index Code H-4 (last amended June 6, 2013) and Administrative Regulation 95.01 (effective August 27, 1986) for purposes of FLSA compliance. These overtime compensation provisions cover Plaintiffs and all those similarly situated.

7.  Plaintiffs and those current or former employees similarly situated are or were non-exempt employees of City who worked more than forty hours in one or more 7-day work weeks during the relevant three-year period. Each was paid an overtime rate of pay for these FLSA-eligible overtime hours worked. Each was entitled to have his or her premium overtime rate of pay determined by reference to his or her "regular rate of pay," which is

defined under 29 U.S.C. § 207(e) as "all remuneration for employment paid to, or on behalf of, the employee," subject to a number of exclusions set forth in the FLSA.

8. During each workweek when Plaintiffs and those similarly situated worked FLSA-eligible overtime, each was also a participant in City's Flexible Benefits Plan ("FBP") entitling him or her to an annual lump sum of money, commonly known as "flex dollars," to be used for the purchase of health and welfare benefits (by payments made by City on employees' behalf to trustees or third parties) or otherwise taken in various forms known as "cash-in-lieu" payments.

9. During the relevant period, City did not count or include any of these "flex dollars" as eligible "remuneration" when determining the employee's premium overtime rate payable for that workweek. Each Plaintiff and all similarly-situated non-exempt current and former employees have been affected by the City's conduct in the same manner because City's policy and practice of excluding all FBP-related compensation from eligible "remuneration" when calculating an employee's regular and premium overtime rates of pay has been uniformly applied to all Plaintiffs and others similarly situated when they have worked in excess of 40 hours in a 7-day work week during the relevant period.

10. On or about June 30, 2017, City notified all City employees by e-mail that, effective July 1, 2017, "in accordance with recent changes to federal law regarding FLSA overtime," the City "will include in an employee's FLSA overtime calculations the cash value of any flexible benefit credits that they did not use to pay for health, dental, vision or life insurance." The City subsequently acknowledged in writing that the e-mail notification's reference to "recent changes to federal law regarding FLSA overtime," refers to the decision rendered in *Flores v. City of San Gabriel* (9th Cir. 2016) 824 F. 3d 890, review denied on May 15, 2017 ("*Flores*"), addressing the proper treatment of an employer's "flex dollars" when determining what "remuneration" to include in an employee's "regular rate of pay" and what amount to pay as a premium for FLSA-eligible overtime.

///

///

V.

FIRST CLAIM FOR RELIEF

11. The allegations set forth in paragraphs 5 through 10 are hereby incorporated by reference as if fully set forth.

12. At all relevant times, each Plaintiff and those similarly-situated was or is a non-exempt employee of City employed in a job classification eligible to earn premium rate overtime under the FLSA for all time worked in excess of 40 hours in a 7-day work week. Each Plaintiff and those similarly-situated did in fact work such FLSA-eligible overtime during the three-year period before the filing of this complaint and/or before the filing of his or her Consent to become a party plaintiff, and the City was obligated to pay him or her overtime calculated at one-and-one-half times his/her regular rate of pay, with that rate calculated to include all eligible "remuneration" in accordance with 29 U.S.C. § 207(e).

13. At all relevant times, as a participant in City's FBP, an IRS-qualified cafeteria-style benefits program, each Plaintiff and those similarly situated had "flex dollars" available as a form of compensation in addition to wages earned, with the option to take those "flex dollars" in various cash forms in lieu of third-party-provided health and welfare benefits.

14. When determining an employee's "regular rate of pay" for FLSA-eligible overtime worked, the full amount of these cash-in-lieu of benefits payments constituted "remuneration" and could not properly be treated as payments to an employee "not made as compensation for his/her hours of employment" within the meaning of the exclusion set forth in § 207(e)(2). (*Flores, supra* [such payments must be included in the "regular rate"]).

15. The City failed to count or include these cash-in-lieu of benefits payments under its FBP as remuneration when determining an employee's "regular rate" of pay. Because the City excluded these payments, they are not incorporated into the City's calculation of the employee's overtime rate. In this manner, the City underpaid Plaintiffs and others similarly-situated for FLSA-eligible overtime hours worked because the premium overtime rates paid did not represent time-and-one-half their eligible "regular rates" of pay.

///

16. Each Plaintiff and those similarly-situated are entitled to receive the full amount of FLSA-eligible premium rate overtime earned during the relevant period based on a "regular rate of pay" which includes all cash-in-lieu of benefits payments as remuneration.

17. Each Plaintiff and those similarly situated are also presumptively entitled to liquidated damages in an amount equal to the amount of the underpaid overtime City owes. City did not act in good faith with reasonable grounds to believe that it was not in violation of the FLSA and took no affirmative action to assure its FLSA compliance at any time before *Flores* was decided by the District Court in 2013 (969 F. Supp.2d 1158), while it was pending on appeal, or after the Ninth Circuit's *Flores* decision was rendered in June 2016.

18. City's violation of the FLSA as described herein was wilful within the meaning of 29 U.S.C. § 255(a) because City acted voluntarily and deliberately when maintaining an intentional practice of failing to compensate Plaintiffs and others similarly situated in accordance with the FLSA. City continues to fail and refuse to compensate Plaintiffs and others similarly situated for City's underpayment of FLSA-eligible overtime hours worked.

## VI.

## SECOND CLAIM FOR RELIEF

19. The allegations set forth in paragraphs 5 through 10 are hereby incorporated by reference as if fully set forth.

20. In addition to cash-in-lieu of benefits payments made under its FBP, City also made payments on employees' behalf to trustees or third parties for health, dental, vision, life or similar insurance benefits. Under § 207(e)(4), such "contributions irrevocably made pursuant to a bona fide plan" may be excluded from the regular rate of pay when calculating premium rate FLSA overtime. However, for a plan to retain its bona fide status within the meaning of § 207(e)(4), the plan must not give an employee the option to receive any part of the employer's contributions in cash instead of the benefits under the plan, or, if some cash payment to an employee is allowed, it must be an incidental part of the plan.

21. On information and belief, City's total cash-in-lieu of benefits payments under its FBP were sufficiently large as a percentage of City's total contributions during each

relevant year that these payments could not lawfully be deemed incidental within the meaning of § 207(e)(4) and 29 C.F.R. § 778.215(a)(5), and, thus, could not lawfully be excluded from a determination of "remuneration" and regular rates of pay. (See *Flores*.)

22. Accordingly, *in addition to* counting any cash-in-lieu of benefits payments as remuneration when determining an employee's "regular rate of pay" under the FLSA, City was obligated to include as qualifying remuneration all "flex dollars" which City paid to trustees or third parties on an employee's behalf under its FBP.

23. Having failed to count these additional "flex dollars" paid to trustees or third parties as remuneration, and thus having excluded the value of these payments from its determination of an employee's "regular rate of pay," the City has further underpaid the overtime earned by and owed to Plaintiffs and others similarly-situated.

24. Each Plaintiff and those similarly-situated are entitled to receive the full amount of FLSA-eligible premium rate overtime earned based on a "regular rate of pay" which includes as remuneration all "flex dollars" which City paid to trustees or third parties on an employee's behalf under its FBP.

25. Each Plaintiff and those similarly situated are also presumptively entitled to liquidated damages in an amount equal to the amount of the underpaid overtime City owes. City did not act in good faith with reasonable grounds to believe that it was not in violation of the FLSA and took no affirmative action to assure its FLSA compliance at any time before *Flores* was decided by the District Court in 2013 (969 F. Supp.2d 1158), while it was pending on appeal, or after the Ninth Circuit's *Flores* decision was rendered in June 2016.

26. City's violation of the FLSA as described herein was wilful within the meaning of 29 U.S.C. § 255(a) because City acted voluntarily and deliberately when maintaining an intentional practice of failing to compensate Plaintiffs and others similarly situated in accordance with the FLSA. City continues to fail and refuse to compensate Plaintiffs and others similarly situated for City's underpayment of FLSA-eligible overtime hours worked.

27. As City's notice to employees dated June 30, 2017 confirms (see paragraph 10 above), City is continuing to violate the FLSA by excluding from remuneration those

1 | contributions irrevocably being made to third party insurers under its FBP in reliance on the *bona fide* status of its FBP under § 207(e)(4) despite the now-final decision in *Flores* holding that this exclusion is not likely available to City's plan.

WHEREFORE, Plaintiffs pray for relief as follows:

1. That Notice be given to current and former non-exempt employees of City who have worked FLSA-eligible overtime during the relevant period while also participating in City's FBP informing them of their right to join in this action without retaliation;

2. That judgment be entered against the City in the amounts respectively due the Plaintiffs and other similarly situated non-exempt employees and former employees of the City for underpaid FLSA-eligible overtime compensation, liquidated damages, and prejudgment interest as the Court may determine pursuant to 29 U.S.C. § 216(b);

3. That a permanent injunction be entered pursuant to 29 U.S.C. § 217 restraining the City from further violations of the Fair Labor Standards Act on the basis of the remuneration it pays employees under its Flexible Benefits Plan or otherwise;

4. That reasonable attorneys' fees and costs and expenses of suit be awarded pursuant to 29 U.S.C. § 216(b); and,

5. For such additional and further relief as this Court may deem just.

Dated: September 29, 2017       Respectfully submitted,

SMITH, STEINER, VANDERPOOL & WAX, APC


By:   s/Ann M. Smith
Attorneys for Plaintiffs CANDACE MITCHELL, et al.
E-mail: asmith@ssvwlaw.com