**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE MITCHELL, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No. 17-cv-2014-BAS-AGS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 282]** |

Defendant City of San Diego ("City") has filed a motion to dismiss on the ground that the Plaintiffs violated *Landers v. Quality Communications,* 771 F.3d 638 (9th Cir. 2014) by "conclusory" alleging that they are "non-exempt employees" of the City without detailing what they do and that they worked more than forty hours in one or more 7-day work week without detailing what their work schedules were. (ECF No. 282). For the reasons stated below, this Court disagrees with the City's arguments regarding the sufficiency of the Complaint and **DENIES** its motion to dismiss.

I. **ALLEGATIONS IN THE COMPLAINT**

Plaintiffs allege they all worked in jobs listed in the City's Personnel Manual Index Code H-4, Addendum A, Groups A, B and C, and, as such, were "non-exempt employees." (Complaint ¶5.) They claim that they were each "paid an overtime rate

– 1 –

of pay" for overtime worked and were each a participant in the City's Flexible Benefits Plan. (*Id.* ¶¶7–8.) According to the Complaint, the City miscalculated the rate of overtime pay when they paid each Plaintiff for the overtime worked because they did not include the "flex dollars" when determining the overtime rate of pay. (*Id.* ¶9.)

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to

assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds).

### B. The Sufficiency of the Allegations in the FLSA Complaint

The City argues that the allegations in the Complaint are insufficient first because Plaintiffs fail to allege what jobs they had with the City, which if alleged, might show that they are exempt from overtime requirements under the FLSA. (ECF No. 282 at 4–5.) Instead, according to the City, the Plaintiffs simply state the legal conclusion that they were "non-exempt employees" entitled to overtime. Second, the City argues that Plaintiffs fail to allege the hours they worked and simply state the legal conclusion that they worked more than forty hours in one week. (ECF No. 282 at 5). The Court is not persuaded by these arguments.

In *Landers v. Quality Communications, Inc.,* 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit found that to survive a motion to dismiss, a plaintiff asserting an FLSA claim to overtime payments must allege that she worked more than 40 hours in a given work week without being compensated for the overtime. *Id.* at 645. Although "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim," the plaintiff cannot just recite the statutory language in conclusory terms. *Id.* Unlike the *Landers* case, Plaintiffs here allege that they already received overtime pay. Thus, whether they were or were not exempt is not an issue. They claim they were non-exempt and that the City

– 3 –

recognized this when the City paid them overtime as non-exempt employees.

Furthermore, Plaintiffs specifically allege that although they were given overtime pay, they were paid the incorrect amount because the calculation did not include "flex dollars." Because Plaintiffs need not plead particular instances in which they worked overtime in order to state a claim under *Landers*, it follows that they need not plead particular instances in which they were allegedly underpaid overtime wages. *Cf. Varsam v. Lab. Corp. of Am.*, 120 F. Sup. 3d 1173, 1178 (S.D. Cal. 2015) (finding that *Landers* does not require a plaintiff to plead particular instances in which worked overtime); *Davenport v. Wendy's Co.*, No. 2:14-cv-00931 JAM DAD, 2014 WL 3735611, at *5 (E.D. Cal. July 28, 2014) (citing *Acho v. Cort*, No. C 09–00157 MHP, 2009 WL 3562472, at *3 (N.D. Cal. Oct.27, 2009) *and Muan v. Vitug*, No. CV 13–331 PSG, 2013 WL 2403596, at *2 (N.D. Cal. May 31, 2013)). Although the City disputes the accuracy of the allegations in the Complaint, that is not an issue properly considered at the motion to dismiss stage. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).

### III. CONCLUSION & ORDER

Because Plaintiffs allege that they were already paid overtime as non-exempt employees and that the City merely calculated the overtime rate incorrectly, the Court **DENIES** the City's Motion to Dismiss. (ECF No. 282.). The City is **ORDERED** to answer the Complaint **no later than May 25, 2018**.

**IT IS SO ORDERED.**

DATED: April 27, 2018

Hon. Cynthia Bashant
United States District Judge